Richard L. Seabolt (SBN 67469)
Suzanne R. Fogarty (SBN 154319)
Oliver E. Benn (SBN 244618)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail: RLSeabolt@DuaneMorris.com
SRFogarty@DuaneMorris.com
OBenn@DuaneMorris.com

Attorneys for Defendant,
ZYNGA GAME NETWORK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SWIFT, individually, on behalf of the general public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA GAME NETWORK, INC.; and FACEBOOK, INC.,<br><br>Defendants. | Case No.: CV 09-5443 SBA<br><br>[PROPOSED] ORDER GRANTING DEFENDANT ZYNGA GAME NETWORK, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT<br><br>Date: May 25, 2010<br>Time: 1:00 p.m.<br>Judge: Hon. Saundra B. Armstrong<br>Ctrm.: 1<br><br>Complaint Filed: November 17, 2009 |

Defendant Zynga Game Network, Inc. ("Zynga")'s Motion to Dismiss the Class Action Complaint of Plaintiff Rebecca Swift came on regularly for hearing before this Court on May 25, 2010. Having read and considered all the papers, oral arguments of counsel, and good cause appearing therefore, the Court orders that:

Zynga's Motion to Dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's claims seek to hold Zynga liable for publishing advertising content that was created and developed by third party advertisers. Section 230 of the Communications Decency Act of 1996 (the "CDA") immunizes interactive

computer services such as Zynga against such claims. 47 U.S.C. § 230; *Goddard v. Google, Inc.*, 640 F.Supp.2d 1193 (N.D.Cal. 2009). Plaintiff fails to allege facts sufficient to plausibly suggest that Zynga created or developed any of the third party advertisements that allegedly caused Plaintiff's harm. *See Nemet Chevrolet, Ltd. v. ConsumerAffairs.com*, __ F.3d ___, 2009 WL 5126224 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) and *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008)).

    Moreover, Plaintiff's claims also fail because they are all grounded in fraud, but are not pled with particularity. Any causes of action alleging that a defendant engaged in a fraudulent course of conduct must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiff seeks to hold Zynga liable for allegedly conspiring with, or aiding and abetting, the allegedly misleading and fraudulent conduct of third-party advertisers. Plaintiff alleges that Zynga "actively encouraged Plaintiff to accept the advertisement at issue" (Complaint, ¶ 25). But none of Plaintiff's factual allegations of the Complaint – even if proven – would support the notion that Zynga engaged in any misleading conduct with respect to the specific advertising at issue. The Complaint does not identify any of "'the who, what, when, where, and how' of the misconduct" that Zynga allegedly committed. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiff's conclusory allegations are not pled with particularity and are not sufficient to withstand a motion to dismiss.

THEREFORE, IT IS HEREBY ORDERED THAT:

Zynga's motion to dismiss is granted [with prejudice/with leave to amend].

**IT IS SO ORDERED.**

Date: _____, 2010

                                                                   The Honorable Saundra Brown Armstrong
United States District Judge