Richard L. Seabolt (SBN 67469)
Suzanne R. Fogarty (SBN 154319)
Oliver E. Benn (SBN 244618)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail:   RLSeabolt@DuaneMorris.com
          SRFogarty@DuaneMorris.com
          OBenn@DuaneMorris.com

Attorneys for Defendant,
ZYNGA GAME NETWORK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SWIFT, individually, on behalf of the general public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA GAME NETWORK, INC.; ADKNOWLEDGE, INC., D/B/A SUPER REWARDS; KITN MEDIA USA, INC., D/B/A SUPER REWARDS,<br><br>Defendants. | Case No.: CV 09-5443 SBA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ZYNGA GAME NETWORK, INC.'S MOTION TO DISMISS**<br><br>Date:    June 29, 2010<br>Time:    1:00 p.m.<br>Judge:   Hon. Saundra B. Armstrong<br>Ctrm.:   1<br><br>Complaint Filed:   November 17, 2009 |

   Defendant Zynga Game Network, Inc. respectfully requests that this Court take judicial notice, pursuant to Federal Rules of Evidence 106 and 201, of the following document in support of Zynga's Motion to Dismiss the First Amended Complaint.

   1.  A true and correct copy of an article quoted in the First Amended Complaint (¶ 17) without its context, entitled "My Take on Zynga and CPA Offers," dated November 2, 2009, authored by Mark Pincus, downloaded from the following website http://markpincus.typepad.com/markpincus/2009/11/my-take-on-zynga-and-cpa-offers.html (last visited March 1, 2010) is attached as Exhibit 'A.'

Federal Rule of Evidence 201 authorizes and directs a court to take judicial notice of any fact if requested by a party and supplied with the necessary information, provided the fact is not subject to reasonable dispute and is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. of Evid. 201(b).

Exhibit A is an article quoted by Plaintiff in the First Amended Complaint, but not attached to the Complaint. Such a document may be judicially noticed as part of a Rule 12(b)(6) motion, without converting it into to a summary judgment motion, when it is supportive of the defendant's assertions. *In re Calpine Corporation Securities Litigation*, 288 F.Supp.2d 1054, 1075 (N.D.Cal. 2003) (Armstrong J.); *see also Branch v. Tunnel*, 14 F.3d 449, 456 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss") (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)). Courts, including this Court, frequently take judicial notice of electronic data, including websites and emails, that are referred to in complaints. *Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-und Vereinsbank AG*, 2010 WL 94272, *2 fn. 2 (N.D.Cal. Jan 06, 2010) (email); *In re NVIDIA GPU Litigation*, 2009 WL 4020104, *8 & fn. 19 (N.D.Cal. Nov 19, 2009) (websites); *Hutchinson v. Holder*, 2009 WL 3792311 *35 n. 13 (D.D.C. Nov. 12, 2009) (email); *Postier v. Louisiana-Pacific Corp.*, 2009 WL 3320470, *7+ (N.D.Cal. Oct 13, 2009) (website); *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965 (C.D. Cal. 2005) (websites).

Here, Plaintiff refers to a blog article posted by Zynga's CEO, Mark Pincus. In Paragraph 17 of the Complaint, Swift alleges: "In fact, in a belated acknowledgement that Zynga's ISOTs were deceptive or worse, Zynga's CEO recently concluded that all such offers would be banned '*until we see any that offer clear use value.*'" (emphasis in Complaint). When part of a writing is offered by one party, "an adverse party may *require* the introduction *at that time* of any other part . . . which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106 (emphasis added). Here, Plaintiff misquotes the CEO of Zynga, misrepresenting that Zynga purportedly admitted that no third-party ads had any value to its users. The full blog article makes clear that (1) Pincus

2

believed that "most" ads offered clear user value; and, (2) the excerpted quote referred to mobile subscription ads. Earlier in the article, Pincus stated, "Most of these offers are good for the advertiser and user." (Ex. A, 4th para.) Plaintiff selectively quoted from a different paragraph of the article where Pincus was referring to "mobile ads" as ones that might not offer any user value. (Ex. A, 6th para.) Accordingly, this allegation, in addition to the conclusory allegation that "most, if not all" third party ads were scams, (FAC ¶ 33) is unfounded, lacks any evidentiary basis, and is entitled to no weight in considering whether Swift has alleged any "facts" to support her factually devoid legal conclusions (See Mtn to Dismiss, p. 15, fn. 4).

Accordingly, Zynga respectfully requests that the Court take notice of this document.

Dated: March 1, 2010        **DUANE MORRIS LLP**

By: _____/s/_____
Richard L. Seabolt
Attorneys for Defendant,
ZYNGA GAME NETWORK, INC.

DM1\2037087.1