Richard L. Seabolt (SBN 67469)
Suzanne R. Fogarty (SBN 154319)
Oliver E. Benn (SBN 244618)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail: RLSeabolt@DuaneMorris.com
SRFogarty@DuaneMorris.com
OBenn@DuaneMorris.com

Attorneys for Defendant,
ZYNGA GAME NETWORK, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SWIFT, individually, on behalf of the general public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA GAME NETWORK, INC.; ADKNOWLEDGE, INC.; D/B/A SUPER REWARDS; KITN MEDIA USA, INC., D/B/A SUPER REWARDS,<br><br>Defendants. | Case No.: CV 09-5443 SBA<br><br>[PROPOSED] ORDER GRANTING DEFENDANT ZYNGA GAME NETWORK, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date: June 29, 2010<br>Time: 1:00 p.m.<br>Judge: Hon. Saundra B. Armstrong<br>Ctrm.: 1<br><br>Complaint Filed: November 17, 2009 |

Defendant Zynga Game Network, Inc. ("Zynga")'s Motion to Dismiss the First Amended Complaint of Plaintiff Rebecca Swift came on regularly for hearing before this Court on June 29, 2010. Having read and considered all the papers, oral arguments of counsel, and good cause appearing therefore, the Court orders that:

Zynga's Motion to Dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's claims are barred by Section 230 of the Communications Decency Act of 1996 (the "CDA"). 47 U.S.C. § 230(c)(1). "Section 230(c)(1) immunity was intended to prevent liability that otherwise would obtain under traditional

common law." *Phan v. Pham*, __ Cal.App.4th __, 2010 WL 658244, *2 (2010); *see also Fair Housing Council of San Fernando Valley v. Roommate.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008). Here, Plaintiff claims that she suffered monetary harm based on third party advertising that appeared on Zynga's advertising platform. She brings state law causes of action for unjust enrichment and for violations of California's Unfair Competition Law (Calif. Bus. & Prof. C. §§ 17200 et seq.) and the Consumer Legal Remedies Act (Calif. Civ. C. §§ 1750 et seq.). The CDA provides immunity to interactive computer services against all such claims, as this Court recently held. *Goddard v. Google, Inc.*, 640 F.Supp.2d 1193 (N.D.Cal. 2009).

Zynga meets the three-part test to fall within CDA immunity. *Carafano v. Metrosplash*, 339 F.3d 1119, 1123 (9th Cir. 2003).

First, there is no dispute that Zynga is the "provider or user of an interactive computer service." 47 U.S.C. § 230(c)(1). According to the Complaint, Zynga provides interactive games to users of social networking platforms such as Facebook and MySpace. FAC, ¶¶ 1, 12, 31.

Second, under the Ninth Circuit's interpretation of the CDA, Swift's causes of action seek to treat Zynga as the "publisher or speaker" of third party content. 47 U.S.C. § 230(c)(1); *Barnes v. Yahoo!*, 570 F.3d 1096, 1101-1102 (9th Cir. 2009) (citing negligent publication of advertising as example of cause of action seeking to treat entity as a "publisher"); *Goddard*, 640 F.Supp.2d at 1195 (Google immune from claims seeking to hold it liable for allegedly providing tools that furthered fraudulent third-party advertising). While Plaintiff makes several vague, conclusory legal allegations regarding Zynga's conduct, the only factual allegations discernible from the Complaint make clear that Plaintiff seeks to hold Zynga liable for hosting the advertising content of third parties. Plaintiff alleges that Zynga contracts with advertising aggregators so that advertising will appear in Zynga games. FAC, ¶¶ 7-8. Plaintiff then alleges that the advertising content of a third party caused her harm. FAC, ¶ 37. Taken together, these allegations clearly indicate that Swift wishes to hold Zynga liable for publishing, rather than creating, the content of third parties.

Third, the complaint makes no factual allegation that Zynga created or developed the content that allegedly caused Swift's harm. Section 230 extends immunity to service providers in all situations in which they did not participate in the "creation or development" of the particular online

[Proposed] Order Granting Motion to Dismiss, CV 09-5443 SBA

content on which a plaintiff bases her claims. 47 U.S.C. § 230(f)(3); *Roommate.com,* 521 F.3d at 1175. When viewing the complaint, this Court must looked beyond "mere 'labels and conclusions' amounting to a 'formulaic recitation of the elements' of CDA developer liability." *Goddard*, 640 F.Supp.2d at 1196 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) While the complaint repeatedly states that Zynga "created and developed" the advertising content at issue, there are no factual allegations to support this legal conclusion. Plaintiff only alleges that misleading advertisements resulted in her being charged *by third-party advertisers* for offers resulting in charges she did not want. *See*, FAC, ¶¶ 37-41. The remaining allegations that unspecified "Defendants" created and developed the content at issue are accorded no weight as they identify no conduct by Zynga for which liability can attach. Plaintiff fails to allege facts sufficient to plausibly suggest that Zynga created or developed any of the third party advertisements that allegedly caused Plaintiff's harm.

For a second, independent, reason Plaintiff's complaint also fails. The claims are all grounded in fraud, but are not pled with particularity. Any causes of action alleging that a defendant engaged in a fraudulent course of conduct must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiff seeks to hold Zynga liable for allegedly conspiring with others in the allegedly misleading and fraudulent conduct of third-party advertisers. But none of Plaintiff's factual allegations of the Complaint – even if proven – would support the notion that Zynga engaged in any misleading conduct with respect to the specific advertising at issue. The Complaint does not identify any of "'the who, what, when, where, and how' of the misconduct" that Zynga allegedly committed. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). For example, Plaintiff states that Defendant's "misleading implementation . . . was a substantial factor in Plaintiff's decision to provide her cell phone number," to a third-party advertiser. FAC ¶ 37. But Plaintiff does not identify what the "misleading implementation" was, nor does she explain what advertising offer she thought she was completing when she provided her cell phone number. Plaintiff's conclusory allegations are not pled with particularity and are not sufficient to withstand a motion to dismiss.

Plaintiff's First Amended Complaint adds conclusory allegations that Zynga "created and developed" the third-party advertising content that allegedly caused her harm, but has not included any new facts in comparison to her original complaint that would lead the Court to believe amendment would be anything but futile. Indeed, Plaintiff has elected not to attempt to amend further, and thus concedes that granting leave to amend would be futile.

In granting this motion to dismiss with prejudice, the Court is guided in this regard by Congress' intent in enacting the CDA. As the Ninth Circuit, has held:

> Websites are complicated enterprises, and there will always be close cases where a clever lawyer could argue that something the website operator did encouraged the illegality. Such close cases, we believe, must be resolved in favor of immunity, lest we cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites, fighting off claims that they promoted or encouraged — or at least tacitly assented to — the illegality of third parties.

*Roommate.com*, 521 F.3d at 1174-1175. The CDA provides immunity not just from ultimate liability, but also from the cost of litigation itself.

THEREFORE, IT IS HEREBY ORDERED THAT:

Zynga's motion to dismiss is granted with prejudice.

**IT IS SO ORDERED.**

Date: _____, 2010

_____
The Honorable Saundra Brown Armstrong
United States District Judge

DM1\2102473.1