GIBSON, DUNN & CRUTCHER LLP
GAIL LEES, SBN 90363
glees@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

S. ASHLIE BERINGER, SBN 263977
aberinger@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Attorneys for Defendants
ADKNOWLEDGE, INC. and
KITN MEDIA USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SWIFT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA GAME NETWORK, INC., ADKNOWLEDGE, INC.; D/B/A SUPER REWARDS; KITN MEDIA USA, INC. D/B/A SUPER REWARDS;<br><br>Defendants. | CASE NO. CV 09-5443 SBA<br><br>**DEFENDANTS ADKNOWLEDGE, INC. AND KITN MEDIA USA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS; CERTIFICATION OF COMPLIANCE WITH STANDING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    June 28, 2010<br>Time:   1:00 p.m.<br>Place:   1301 Clay Street<br>           Oakland, California<br>           Courtroom 1<br>Judge:  The Honorable Saundra B. Armstrong<br><br>Complaint Filed: February 10, 2010 |

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS
ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION
ALLEGATIONS ..................................................................................................... 1

CERTIFICATION OF COMPLIANCE WITH STANDING ORDER ........................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 3

I. ISSUES TO BE DECIDED ................................................................................. 3

II. INTRODUCTION AND SUMMARY OF ARGUMENT .................................... 3

III. ALLEGATIONS IN THE COMPLAINT ......................................................... 4

    A.    Plaintiff's Allegations Against Adknowledge .................................... 5

    B.    The Allegedly Misleading Third-Party Offers ................................... 6

    C.    Plaintiff's Claims and Class Allegations ......................................... 7

IV. ARGUMENT ................................................................................................... 8

    A.    Adknowledge Is Immune Under Section 230 of the CDA ................... 8

        1.    Adknowledge Is a Provider of an Interactive Computer Service..... 9

        2.    Plaintiff Seeks to Hold Adknowledge Liable for Content
            Provided by Third Parties. .................................................. 10

    B.    Plaintiff's Non-Specific Allegations Do Not Satisfy Rule 9(b)................. 14

        1.    The Complaint Is Utterly Devoid Of "Who, What, Where,
            When, and How" Allegations. .............................................. 15

        2.    Plaintiff Does Not Specifically Allege Any Wrongful or
            Fraudulent Conduct Attributable To Adknowledge And Fails
            To Differentiate Among Defendants......................................... 16

    C.    California Does Not Recognize A Claim For Unjust Enrichment............. 20

    D.    Plaintiff Has Not Pleaded Legally Sufficient Class Allegations................ 21

V. CONCLUSION ................................................................................................. 22

Gibson, Dunn &
Crutcher LLP

i

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS            CASE NO. CV 09-05443 SBA

1

**TABLE OF AUTHORITIES**

2

Page(s)

3

**CASES**

4

*Almeida v. Amazon.com, Inc.,*
5
    456 F.3d 1316 (11th Cir. 2006)..................................................................................... 9

6
*Ashcroft v. Iqbal,*
7
    __ U.S. __, 129 S. Ct. 1937 (2009)......................................................................... 8, 19

8
*Barnes v. Yahoo,*
    570 F.3d 1096 (9th Cir. 2009)..................................................................................... 11
9
*Batzel v. Smith,*
10
    333 F.3d 1018 (9th Cir. 2009)................................................................................. 9, 11

11
*Bell Atl. Corp v. Twombly,*
12
    550 U.S. 544 (2007)............................................................................................... 8, 13

13
*Bly-Magee v. California,*
    236 F.3d 1014 (9th Cir. 2001)..................................................................................... 18
14
*Brazil v. Dell Inc.,*
15
    585 F. Supp. 2d 1158 (N.D. Cal. 2008) ...................................................................... 21

16
*Carafano v. Metrosplash,*
17
    339 F.3d 1119 (9th Cir. 2003)............................................................................... passim

18
*Chicago Lawyers' Committee for Civil Rights Under Law, Inc. v. Craigslist, Inc.,*
    519 F.3d 666 (7th Cir. 2008).................................................................................. 10, 12
19
*Dart v. Craigslist, Inc.,*
20
    665 F.Supp.2d 961 (N.D. Ill. 2009) ....................................................................... 10, 12

21
*Doe v. MySpace, Inc.,*
    528 F.3d 413 (5th Cir. 2008)................................................................................... 9, 12
22
*Edwards v. Marin Park, Inc.,*
23
    356 F.3d 1058 (9th Cir. 2004)..................................................................................... 15

24
*Fair Housing Council of San Fernando Valley v. Roommate.com, LLC,*
25
    521 F.3d 1157 (9th Cir. 2008)................................................................................... 8, 11

26
*Gentry v. eBay, Inc.,*
    99 Cal. App. 4th 816 (2002) ................................................................................... 9, 12

27

28

Gibson, Dunn &
Crutcher LLP

ii

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                    CASE NO. CV 09-05443 SBA

1

**TABLE OF AUTHORITIES**
(continued)

2

3

Page(s)

4    *Goddard v. Google, Inc.*,
       640 F. Supp. 2d 1193 (N.D. Cal. 2009) ........................................................ passim

5

6    *Hovsepian v. Apple, Inc.*,
       2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ........................................... 21

7    *In re Calpine Corp. ERISA Litig.*,
       2005 WL 3288469 (N.D. Cal. Dec. 5, 2008) ............................................. 14

8

9    *In re GlenFed Sec. Litig.*,
       42 F.3d 1541 (9th Cir. 1994) ................................................................. 15, 17

10

11   *In re Late Fee & Over-Limit Fee Litig.*,
       528 F. Supp. 2d 953 (N.D. Cal. 2007) ....................................................... 20

12   *In re NVIDIA GPU Litig.*,
       *2009 WL 4020104* (N.D. Cal. Nov. 19, 2009) ........................................... 20

13

14   *Jurin v. Google, Inc.*,
       Slip Copy, 2010 WL 727226 (E.D. Cal. Mar. 1, 2010) ............................. 12

15

16   *Kay v. Wells Fargo & Co., N.A.*, 2007 WL
       2141292 (N.D. Cal. July 24, 2007) ............................................................ 21

17   *Kearns v. Ford Motor Co.*,
       567 F.3d 1120 (9th Cir. 2009) ......................................................... 14, 17, 18

18

19   *Madrid v. J.P. Morgan Chase Bank, N.A.*,
       2010 U.S. Dist. LEXIS 28919 (E.D. Cal. March 25, 2010) ....................... 19

20

21   *Melchior v. New Line Prods., Inc.*,
       106 Cal. App. 4th  779 (2003) ................................................................... 20

22   *Moore v. Kayport Package Express, Inc.*,
       885 F.2d 531 (9th Cir. 1989) ..................................................................... 19

23

24   *Moss v. U.S. Secret Service*,
       572 F.3d 962 (9th Cir. 2009) ....................................................................... 8

25

26   *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
       591 F.3d 250 (4th Cir. 2009) ............................................................... 12, 13

27   *Neubronner v. Milken*,
       6 F.3d 666 (9th Cir. 1993) ......................................................................... 14

28

Gibson, Dunn &
Crutcher LLP

1
2

**TABLE OF AUTHORITIES**
**(continued)**

3

Page(s)

4
Ohlendorf v. Am. Home Mortg. Servicing,
    2010 U.S. Dist. LEXIS 31098 (E.D. Cal. March 31, 2010)............................................ 18
5

6
Periguerra v. Meridas Capital, Inc.,
    2010 U.S. Dist. LEXIS 8082 (N.D. Cal. Feb. 1, 2010).................................................. 19

7
Qureshi v. Countrywide Home Loans, Inc.,
    2010 U.S. Dist. LEXIS 21843 (N.D. Cal. March 10, 2010) .......................................... 19
8

9
Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984).......................................................................................... 8

10

11
Semegen v. Weidner,
    780 F.2d 727 (9th Cir. 1985).......................................................................................... 15

12
Shreiber Distrib. Co. v. Serv-Well Furniture Co.,
    806 F.2d 1393 (9th Cir. 1986)........................................................................................ 14

13

14
Swartz v. KPMG LLP,
    476 F.3d 756 (9th Cir. 2007)............................................................. 15, 16, 18, 19

15
Tayag v. Nat'l City Bank,
    2009 WL 943897 (N.D. Cal. April 7, 2009) .................................................................. 15

16

17
Universal Comm. Sys., Inc. v. Lycos,
    478 F.3d 413 (1st Cir. 2007).......................................................................................... 12

18

19
Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003)................................................................................. 14, 15

20

21
Walker v. USAA Cas. Ins. Co.,
    474 F. Supp. 2d 1168  (E.D. Cal. 2007).......................................................................... 20

22
Wolph v. Acer Am. Corp.,
    2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) ............................................................... 20

23

24

**STATUTES**

25
47 U.S.C. § 230(c) ................................................................................................................ 1

26
47 U.S.C. § 230(c)(1) ............................................................................................................ 8

27
47 U.S.C. § 230(f)(3) ............................................................................................................ 8

28

iv

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES
**(continued)**

Page(s)

## RULES

Fed. R. Civ. P. 9(b) ................................................................................................ 2, 14

Fed. R. Civ. Proc. 12(f) ............................................................................................ 18

Gibson, Dunn & Crutcher LLP

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION
COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 1:00 p.m.. on June 28, 2010, or as soon thereafter as the matter may be heard by the above-entitled Court, in the courtroom of the Honorable Saundra B. Armstrong, 1301 Clay Street, Oakland, California 94612, Courtroom 1, Defendants Adknowledge, Inc. and KITN Media USA, Inc. (together "Adknowledge" or "Adknowledge Defendants") will and hereby do move for an order dismissing Plaintiff's First Amended Class Action Complaint for Violations of the Unfair Competition Law, the Consumer Legal Remedies Act, and Unjust Enrichment ("Complaint") under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Adknowledge also moves to strike the class action allegations in the Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.

This motion is based on this Notice of Motion and Motion, and Memorandum of Points and Authorities, the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

DATED: April 9, 2010

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ Ashlie Beringer_____
              Ashlie Beringer

Attorneys for Defendants ADKNOWLEDGE, INC. and
KITN MEDIA USA, INC.

Gibson, Dunn &
Crutcher LLP

1

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                    CASE NO. CV 09-05443 SBA

## <u>CERTIFICATION OF COMPLIANCE WITH STANDING ORDER</u>

I certify that on April 8, 2010, I met and conferred with J. R. Parker, counsel for Plaintiff Rebecca Swift, via telephone and discussed the arguments that Defendants Adknowledge, Inc. and KITN Media USA, Inc. intended to make in the present Motion to Dismiss and Motion to Strike.

DATED:  April 9, 2010

GIBSON, DUNN & CRUTCHER LLP


By: _____/s/ Ashlie Beringer_____
                    Ashlie Beringer

Attorneys for Defendants ADKNOWLEDGE, INC. and
KITN MEDIA USA, INC

Gibson, Dunn &
Crutcher LLP

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                    CASE NO. CV 09-05443 SBA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     ISSUES TO BE DECIDED

1.  Are Plaintiff's claims barred as a matter of law by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which establishes immunity for interactive computer service providers that publish information created by a third party?

2.  Does Plaintiff plead her claims against Adknowledge with the level of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure?

3.  Does Plaintiff state a claim for unjust enrichment, where no such claim is available under California law?

4.  Should Plaintiff's class allegations be stricken pursuant to Federal Rule of Civil Procedure 12(f) because she failed to adequately plead an ascertainable class as required by Rule 23 of the Federal Rules of Civil Procedure?

### II.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's claims are based entirely on third-party advertisements created by unspecified companies—and not any conduct or content attributable to Adknowledge.  Specifically, Plaintiff contends that she agreed to participate in various third-party offers while playing online social games created by Zynga Game Network, Inc. ("Zynga") in order to receive points or "virtual currency" for use in those games.  Plaintiff's claims arise from the alleged failure of the unidentified advertisers that created two such offers to cancel her participation in the offers, or to disclose that Plaintiff would incur charges when she agreed to participate in the offers.

Significantly, Plaintiff alleges no facts establishing that Adknowledge had any role in creating the allegedly deceptive advertising content that gives rise to her claims.  To the contrary, Plaintiff concedes that Adknowledge was merely one of many "offer aggregators" that served as an Internet portal to third-party advertisements that were displayed on various Internet locations, including in Zynga's online games.  Because Adknowledge merely provided an "interface" that "presented" third-party offers to end users—and played no role whatsoever in creating the advertising content that forms the basis of Plaintiff's claims—Plaintiff's claims against Adknowledge are barred by the Communications Decency Act, 47 U.S.C. § 230(c) ("CDA") as a matter of law.  Courts have

Gibson, Dunn &
Crutcher LLP

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                          CASE NO. CV 09-05443 SBA

1   consistently and repeatedly applied CDA Section 230's expansive grant of immunity to dismiss

2   claims against interactive computer services that merely publish content and information provided by

3   a third party.  In fact, this Court recently dismissed claims against an online advertising platform—

4   like Adknowledge—that aggregated and displayed third-party advertisements alleged to be fraudulent

5   and misleading, finding that such an advertising interface is squarely immunized under Section 230

6   of the CDA. *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193 (N.D. Cal. 2009).

7        Even if Plaintiff could somehow overcome the CDA's broad immunity for online service

8   providers—and she cannot—her claims fail.  Plaintiff's claims under California's Unfair Competition

9   Law ("UCL") and Consumer Legal Remedies Act ("CLRA") are utterly insufficient as they

10  completely lack the specificity required by Federal Rule of Civil Procedure 9(b).  Plaintiff does not

11  specify the content of the two advertisements she contends were "deceptive," and fails even to

12  identify the parties that made the alleged misrepresentations that give rise to her claims.  Moreover,

13  Plaintiff alleges no specific facts detailing the role Adknowledge played with respect to these two

14  advertisements, and instead, impermissibly lumps Adknowledge together with Zynga when making

15  conclusory allegations that fail to state a legally sufficient claim.  In addition, Plaintiff's purported

16  claim for unjust enrichment must be dismissed because California does not recognize a cause of

17  action for unjust enrichment.

18       Finally, Plaintiff's class allegations—which purport to define a class encompassing everyone

19  who participated in an offer on one of Zynga's online social games, whether or not the player was

20  harmed and whether or not the offers were hosted through Adknowledge's interface—fail to set forth

21  a legally sufficient basis for pursuing class allegations against Adknowledge, and should be stricken

22  at the pleading stage.

23            **III.**       **ALLEGATIONS IN THE COMPLAINT**

24       Plaintiff's claims arise from her participation in various third-party offers in order to obtain

25  points or "virtual currency" that she could redeem when playing online games created by Defendant

26

27

28

Gibson, Dunn &
Crutcher LLP

4

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS          CASE NO. CV 09-05443 SBA

Zynga.[1]  (Compl. ¶¶ 36-41.)  Specifically, Plaintiff contends that she has played various Internet games created by Zynga, and that during the course of those games she was presented with "special offers" to purchase or subscribe to products or services advertised by various third parties (none of which are identified or joined as defendants in this case).  (*Id.* ¶ 36.)  In exchange for participating in these offers, Plaintiff received "virtual currency" or points for use when playing Zynga's games.  (*Id.* ¶¶ 32, 36.)  Plaintiff claims that she signed up for two third-party offers with unidentified advertisers while playing Zynga's games, which she vaguely contends were fraudulent and misleading.  (*Id.* ¶¶ 37-40.)

A.      **Plaintiff's Allegations Against Adknowledge**

        Plaintiff alleges no facts suggesting that Adknowledge had any role in creating the third-party offers that give rise to her claims.  Instead, Plaintiff contends that Adknowledge is one of many "offer aggregator[s]" that "present[ed]" third-party offers to end users in Zynga's online games.  (Compl. ¶¶ 8, 37, 38, 40, 42.)  Specifically, Adknowledge allegedly "create[d] and develop[ed] **the interfaces within Zynga's games** that allow Zynga game users **to select a 'special offer'** in exchange for virtual currency."  (*Id.* ¶ 8.) (emphasis supplied).  In other words, Adknowledge allegedly furnished an online portal or "interface" (*i.e.*, an Internet site hosted from Adknowledge's servers) through which players could access different third-party offers.  (*Id.*)  As the Complaint implicitly concedes, Adknowledge does not create the third-party offers that are displayed on its "interface," and instead, "aggregates" different advertisements created by third parties on a single web page, on which it passively tracks the actions or "clicks" by end users on those advertisements.  (*See id.* ¶¶ 8, 37, 38, 40, 42.)  Thus, Adknowledge functions as a virtual intermediary, linking end users of Internet games

---

[1] Defendant Zynga moved to dismiss Plaintiff's First Amended Class Action Complaint on March 1, 2010, asserting, *inter alia*, immunity under Section 230 of the CDA and that Plaintiff failed to plead her claims with the particularity required by Rule 9(b) [Docket No. 18].  *See also* Docket No. 10 (Zynga's Motion to Dismiss Complaint, filed January 20, 2010).  That motion is pending.  Because Zynga's motion extensively details the CDA's legislative purpose and judicial interpretation of CDA immunity, Adknowledge does not repeat those arguments in its motion, and instead, incorporates Zynga's discussion of CDA Section 230 by reference here.

Gibson, Dunn & Crutcher LLP

5

Motion to Dismiss First Amended Class Action Complaint and
Motion To Strike Class Action Allegations                    Case No. CV 09-05443 SBA

1  and content (like Zynga's online games) to a broad range of third-party advertisers whose products

2  and services may appeal to those end users.

3  **B.     The Allegedly Misleading Third-Party Offers**

4          Plaintiff's Complaint is based entirely on two third-party offers in which she allegedly

5  participated that she contends were deceptive and misleading.  Significantly, Plaintiff's own

6  allegations establish that unidentified third parties—and not Adknowledge—were responsible for the

7  content of those advertisements and any resulting deception.

8          First, Plaintiff contends that "in or around April 2009" she provided her cell phone number to

9  an alleged and unspecified "business partner of Defendants" in order to obtain "virtual currency" for

10 use in Zynga's YoVille! game.  (Compl. ¶ 37.)  Plaintiff alleges that thereafter, her cell phone "was

11 charged" (by someone other than Adknowledge), purportedly "without her knowledge and consent."

12 (*Id.*)  Conspicuously, Plaintiff does not identify or attach the contents of this supposed offer, the

13 nature of the "transaction" she entered into in order to obtain such "virtual currency," the terms or

14 conditions of this third-party offer, the company that created the offer, or the products or services she

15 signed up to receive.  (*Id.*)  Nor does Plaintiff provide any facts establishing that Adknowledge (as

16 opposed to any of hundreds of other "offer aggregators," including those identified in the

17 Complaint[2]) hosted this particular offer from its interface or is in any way connected to the offer.

18         In addition, Plaintiff alleges that she participated in a "risk-free Green Tea Purity Trial" offer

19 while playing Zynga's YoVille! game, but was unsuccessful in cancelling her subscription with the

20 unidentified "manufacturer" of the green tea supplements.  (Compl. ¶¶ 38-41.)  Again, Plaintiff

21 asserts that the company that created the "risk-free trial" offer is "an unknown entity named 'Support

22 Green Tea,'" and that her efforts to cancel her subscription were directed entirely to this unidentified

23

24 _____

25 [2]  The Complaint also identifies Offerpal, DoubleDing, and Gambit as examples of "offer
   aggregators" that have hosted third-party offers in Zynga's games.  (Compl. ¶¶ 6-7.)  Plaintiff
   provides no specific facts concerning the basis for her belief that Adknowledge—as opposed to one
26 of hundreds of other "offer aggregators"—hosted the particular offers at issue in the Complaint.
   Moreover, Plaintiff fails to attach a copy of the relevant offers, as is necessary to determine the
27 particular Internet location (or "interface") from which these offers were hosted, making it impossible
   to determine whether Adknowledge even displayed the particular offers in question.

28

Gibson, Dunn &
Crutcher LLP

6

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                    CASE NO. CV 09-05443 SBA

"manufacturer"—not Adknowledge.  (*Id.*)  And, once again, Plaintiff fails to allege any facts supporting a plausible inference that Adknowledge (as opposed to another "offer aggregator") hosted the specific green tea offer at issue from its "interface," or otherwise linking Adknowledge to the "manufacturer" that allegedly failed to cancel Plaintiff's subscription.  Nor does Plaintiff provide a copy of the green tea offer, identify the terms and conditions of that offer, furnish her email correspondence with the manufacturer, or provide any of the specifics that would be necessary to identify the third party responsible for the offer or to assess Plaintiff's claim that this unspecified party failed to comply with the terms of the offer.

Conspicuously, Plaintiff makes no specific allegation that Adknowledge created the ***content*** of the third-party offers that give rise to her claims.  Instead, Plaintiff makes vague and conclusory allegations that "Defendants' misleading implementation" of these third-party offers was somehow a "factor" in Plaintiff's decision to participate in these offers, and that "Defendants were aware, or should have been aware, of the false and misleading nature" of the third-party offers "they presented to Plaintiff."  (*Id.* ¶¶ 37-38, 41.)  Thus, Plaintiff concedes that Adknowledge at most "presented" the third-party offers alleged to be "false and misleading" from its servers, but provides no facts whatsoever tying Adknowledge to the allegedly deceptive content of the advertisements.

## C.    Plaintiff's Claims and Class Allegations

Based on these scant allegations concerning two third-party advertisements, Plaintiff alleges claims for violation of the UCL and CLRA and a claim for unjust enrichment.  (Compl. ¶¶ 51-74.)  Plaintiff's claims are asserted against both the Adknowledge Defendants and Defendant Zynga, and Plaintiff does not allege the specific role each (or any) defendant allegedly played with respect to the conduct that forms the basis of her claims.

In addition, Plaintiff purports to assert these claims on behalf of a putative class consisting of all users who "acquired or accumulated virtual currency or other virtual goods and services within a Zynga game application as part of a [third-party offer] presented through that application, and was charged money as a result thereof," irrespective of whether those users participated in such offers through an "interface" hosted by Adknowledge (as opposed to another "offer aggregator"), or

Gibson, Dunn & Crutcher LLP

1   whether such users were injured due to alleged false and misleading contents of such advertisements.

2   (*Id.* ¶ 42.)

3   **IV.      ARGUMENT**

4          A complaint should be dismissed for failure to state a claim upon which relief may be granted

5   when it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory.

6   *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984).  Even if couched in

7   factual terms, allegations that merely recite legal conclusions "are not entitled to an assumption of

8   truth." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, __

9   U.S. __, 129 S. Ct. 1937, 1951 (2009)).  To survive a motion to dismiss, a complaint must do more

10  than "plead[] facts that are 'merely consistent with' a defendant's liability," and, instead, a plaintiff

11  must set forth enough factual information to make it "plausible," not merely "possible," that the

12  defendant is liable.  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550

13  U.S. 544, 557 (2007)); *Moss*, 572 F.3d at 969.  As set forth below, Plaintiff's claims fail to satisfy

14  numerous independent requirements for pleading a viable cause of action against Adknowledge, and

15  should be dismissed with prejudice.

16  **A.      Adknowledge Is Immune Under Section 230 of the CDA**

17          Most fundamentally, Plaintiff's claims against Adknowledge—an online intermediary that

18  merely "presents" third-party advertisements from its Internet "interface" to end users—are barred as

19  a matter of law by Section 230(c)(1) of the CDA.  The Ninth Circuit has held that the CDA provides

20  "robust" immunity to an interactive computer service, like Adknowledge, that merely displays

21  content created by a third party.  *Carafano v. Metrosplash*, 339 F.3d 1119, 1123 (9th Cir. 2003).

22          Moreover, this Court recently emphasized that CDA immunity should be liberally applied to

23  dismiss claims at the pleading stage, in view of the "special form of 'prejudice' to defendants who

24  improperly are denied early dismissal of claims falling within the zone of CDA immunity."  Given

25  the broad policy objectives served by Section 230 immunity, "the CDA 'must be interpreted to

26  protect websites not merely from ultimate liability, but from having to fight costly and protracted

27  legal battles.'"  *Goddard*, 640 F. Supp. 2d at 1202 (quoting *Fair Housing Council of San Fernando*

28  *Valley v. Roommate.com*, LLC, 521 F.3d 1157, 1174-75 (9th Cir. 2008)).  Accordingly, any doubts

8

regarding the application of CDA Section 230 must be resolved in favor of immunity.  *Id.* (quoting *Roommate.com*, at 521 F.3d at 1174).

Here, Plaintiff's allegations plainly establish that Adknowledge is immune from liability under Section 230 because (1) Adknowledge is a provider of an interactive computer service; and (2) Plaintiff's claims seek to hold Adknowledge liable for "presenting" (*i.e.*, publishing or distributing) third-party advertisements that were created by "another information content provider."  *Carafano*, 339 F.3d at 1123.  Accordingly, Plaintiff's claims against Adknowledge must be dismissed with prejudice, and Plaintiff is limited to pursuing her claims against the unspecified advertisers that created the offers she alleges to be false and misleading.

### 1.    Adknowledge Is a Provider of an Interactive Computer Service.

To qualify for immunity under Section 230, Adknowledge must be a "provider or user of an interactive computer service" as broadly defined by Section 230(f)(2).[3]  The Ninth Circuit has adopted an expansive definition of "interactive computer service" that encompasses "'*any*' information services or other systems, as long as the service or system allows 'multiple users' to access 'a computer server.'"  *Batzel v. Smith*, 333 F.3d 1018, 1030 (9th Cir. 2009) (emphasis in original).  Accordingly, courts have found a broad range of computer services hosting content accessible from the Internet to be "interactive computer services" within the meaning of Section 230.  *See*, *e.g.*, *Carafano*, 339 F.3d at 1123 (Internet dating service); *Batzel*, 333 F.3d at 1030 (Internet newsletter); *Doe v. MySpace*, *Inc.*, 528 F.3d 413, 419 (5th Cir. 2008) (social networking website); *Gentry v. eBay*, *Inc.*, 99 Cal. App. 4th 816 (2002) (online auction program); *Almeida v. Amazon.com*, *Inc.*, 456 F.3d 1316 (11th Cir. 2006) (Internet retailer).

Plaintiff concedes that Adknowledge is an "interactive computer service" within the meaning of Section 230.  Specifically, Plaintiff identifies Adknowledge as one of many online "offer aggregators" that allegedly hosts "the interfaces within Zynga's games" from which "game users

---

[3]  Section 230(f)(2) defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions."

Gibson, Dunn & Crutcher LLP

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS

CASE NO. CV 09-05443 SBA

[can] select a 'special offer' in exchange for virtual currency." (Compl. ¶ 4.)  Throughout her Complaint, Plaintiff emphasizes that Zynga's games are played exclusively "online" and through interaction with Internet social networks such as Facebook and MySpace.  (*Id.* ¶¶ 1, 2.)  Likewise, the "interface" provided by "offer aggregators" like Adknowledge is displayed to multiple end users of Zynga's online games, who access and interact with that "interface" over Internet networks that link to Adknowledge's computer servers.  (*Id.* ¶ 8.)

Courts repeatedly have held that an online advertising platform—like Adknowledge—that aggregates and displays third-party advertisements is an "interactive computer service" within the meaning of Section 230.  *Goddard*, 640 F. Supp. 2d at 1195 (finding online advertising service that selected and displayed third party subscription offers to end users was an interactive computer service); *Chicago Lawyers' Committee for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666 (7th Cir. 2008) (finding Craigslist immune under Section 230 for publishing advertisements for housing that violated the Fair Housing Act); *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961 (N.D. Ill. 2009) (holding Craigslist immune under Section 230 for publishing advertisements for erotic services).

### 2. Plaintiff Seeks to Hold Adknowledge Liable for Content Provided by Third Parties.

Under CDA Section 230, an "interactive computer service" such as Adknowledge is immune from claims arising from information provided by "another information content provider." 47 U.S.C. § 230 (c)(1).  Here, Plaintiff improperly seeks to hold Adknowledge liable for "presenting" third-party offers she contends were misleading on its online "interface."  Because Plaintiff's Complaint seeks to hold Adknowledge responsible for displaying third-party offers that it did not create, Plaintiff's claims are precluded under CDA Section 230.

To merit dismissal under Section 230, Plaintiff's claims must arise from information provided by "another information content provider" as defined by Section 230(f)(3).  An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).  The Ninth Circuit has interpreted this concept narrowly, focusing on the party

Gibson, Dunn & Crutcher LLP

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                    CASE NO. CV 09-05443 SBA

1   with ultimate "responsibility for the 'underlying misinformation' at issue." *Carafano*, 339 F.3d at

2   1123, 1125 (noting that "reviewing courts have adopt[ed] a . . . relatively restrictive definition of

3   'information content provider'").  A computer service is not transformed into a "content provider" by

4   providing "[m]inor wording changes" and other editorial functions, or by furnishing "neutral forms

5   and tools" that assist the content provider in developing and creating the content.  *Carafano*, 339 F.3d

6   at 1171.  *See also Batzel*, 333 F.3d at 1022; *Goddard*, at 1196 (a defendant "does not 'contribute' [to

7   third-party content] when it merely provides third parties with neutral tools to create web content,

8   even if the website knows that the third parties are using such tools to create illegal content." (quoting

9   *Roomate.com* at 1167-69 and n. 24)).  Instead, an interactive computer service will be deemed a

10   content provider only if its service *directly* created the specific content alleged to be false or

11   misleading (or otherwise at issue).  *Carafano*, 339 F.3d at 1124 ("[T]he critical issue is whether [the

12   defendant] acted as an information content provider **with respect to the information that [plaintiffs]**

13   **claim is false or misleading**.") (emphasis added); *Goddard*, at 1199 (Plaintiff's reasoning "does [not]

14   suggest the type of 'direct and palpable' involvement that otherwise is required to avoid CDA

15   immunity.  Such involvement might occur where a website 'remov[es] the word 'not' from a user's

16   message reading '[Name] did not steal the artwork' in order to transform an innocent message into a

17   libelous one.'" (quoting *Roomate.com* at 1169-70)).

18         Plaintiff's claims against Adknowledge arise entirely from third-party "offers" that were

19   created by unidentified (and allegedly "unknown") advertisers—not from any content allegedly

20   created by Adknowledge.  *See*, *infra*, § IV.B.2.  Conspicuously, Plaintiff does not offer any facts

21   suggesting that Adknowledge created the third party offers at issue, much less that Adknowledge was

22   directly responsible for the specific content of the offers she contends were false and misleading.

23   Instead, Plaintiff alleges that Adknowledge "presented" third-party offers to end users on its online

24   "interface," and allegedly "implemented" those offers in ways Plaintiff contends (without specifics)

25   were somehow misleading.  (Compl. ¶¶ 8, 37, 38.)

26         Courts repeatedly have dismissed claims under Section 230 of the CDA—including false

27   advertising claims—when, as here, the claims were asserted against an interactive computer service

28   that allegedly displayed unlawful content on its online service.  *See Barnes v. Yahoo*, 570 F.3d 1096,

Gibson, Dunn &
Crutcher LLP

11

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                    CASE NO. CV 09-05443 SBA

1105-06 (9th Cir. 2009) (affirming dismissal of claim for negligently undertaking removal of

information provided by another information content provider because theory was barred by CDA);

*Goddard*, 640 F.Supp.2d at 1201-1202 (dismissing complaint in its entirety, including claims for

unlawful business practices and unfair competition, because Google was immune under the CDA for

publishing third-party advertising content); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591

F.3d 250 (4th Cir. 2009) (affirming dismissal of complaint asserting claims for defamation and

tortious interference because defendant was immune for publishing third-party content); *Doe v.

MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008) (affirming grant of motion to dismiss complaint for

claims based on failure to exercise reasonable care to screen against underage users of network

because service provider was immune from liability arising out of the publication of user-generated

content); *Universal Comm. Sys., Inc. v. Lycos*, 478 F.3d 413, 415, 418-19 (1st Cir. 2007) (affirming

dismissal of claims for defamatory postings by third parties under CDA).

   Likewise, courts consistently have held that Section 230 immunizes online services that

display and aggregate advertisements and offers created by third parties. *Jurin v. Google, Inc.*, Slip

Copy, 2010 WL 727226, at *4-5 (E.D. Cal. Mar. 1, 2010) (dismissing claims for negligent and

intentional interference with contractual relations and prospective economic advantage, fraud, and

unjust enrichment against interactive computer service that "does not provide the content of the

'Sponsored Link' advertisements" and instead "provides a space and a service . . . that simply

allow[s] competitors to post their digital fliers where they might be most readily received in the

cyber-marketplace."); *see, e.g.*, *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 828-31 (2002) (finding

Section 230 immunized eBay for UCL claims where "the substance of [the UCL and other]

allegations reveal they ultimately seek to hold eBay responsible for . . . the posting and compilations

of information generated by individual defendants and other third parties."); *Chicago Lawyers'

Committee for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666 (7th Cir. 2008) (finding

Craigslist immune under Section 230 for publishing advertisements for housing that violated the Fair

Housing Act); *Dart*, 665 F. Supp. 2d at 969 (holding Craigslist immune under Section 230 for

publishing advertisements for erotic services).

Gibson, Dunn &
Crutcher LLP

12

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS       CASE NO. CV 09-05443 SBA

This Court's recent decision in *Goddard* is particularly on point.  *Goddard*, 640 F. Supp. 2d 1193.  There, the Court held that CDA Section 230 immunized Google from claims arising from its alleged involvement in developing and displaying "allegedly fraudulent web-based advertisements for mobile subscription services." *Id.*  In reaching this conclusion, the Court rejected the plaintiff's contention that "Google's involvement [in creating the allegedly fraudulent advertisements] was so pervasive that [Google] controlled much of the underlying commercial activity engaged in by the third-party advertisers," even though Google's advertising service had suggested the very phrases to advertisers (including "free ringtones") that were alleged to be misleading. *Id.*  Because Google's service "provide[d] options that advertisers may adopt or reject at their discretion," the Court held that Google's service was a "neutral tool" entitled to immunity under the CDA. *Id.*  As in *Goddard*, Plaintiff alleges merely that Adknowledge was one of many "offer aggregators" that may have "presented" various third-party advertisements to end users through its "interface."  (Compl. ¶¶ 8, 37, 38, 40, 42.)  She does not allege *any* facts suggesting that Adknowledge was in any way involved in creating these offers, or that come close to the allegations deemed insufficient by this Court in *Goddard*.  Under these circumstances, Plaintiff's claims are plainly barred under Section 230 of the CDA.

Nor is Plaintiff's boilerplate assertion that "Defendants" somehow "developed and created" the advertisements at issue sufficient to avoid Section 230 immunity.  (*See*, *e.g.*, Compl. ¶¶ 9, 34, 38, 41.)  As this Court held in *Goddard*, such allegations "are mere 'labels and conclusions' amounting to a 'formulaic recitation of the elements' of CDA developer liability, and as such, they 'will not do.'"  *Goddard*, 640 F. Supp. 2d at 1196 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).  "Rather, the Court must examine the pleading to determine whether Plaintiff alleges mechanisms that plausibly suggest the collaboration, control, or compulsion [of defendant] in the creation of the offending [advertisements.]" *Id.*  Plaintiff's allegations cannot survive such scrutiny.  In fact, Plaintiff's generic allegations that "Defendants developed and/or created" the allegedly offending offers are directly contradicted by Plaintiff's admission that Adknowledge functions solely to "aggregate" (not create) third-party offers, and Plaintiff's repeated allegations that Adknowledge "presented" (*i.e.*, published) the challenged offers from its "interface." *See, supra,*

§ III.A.-B.  *See also Nemet Chevrolet, Ltd. v Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (rejecting plaintiff's contention that it had pled around Section 230 immunity by alleging that the defendant service provider had steered the provided automobile complaints into specific categories on its website, where plaintiff's allegations were "threadbare and conclusory" and failed to plead specific conduct by defendant that would forfeit immunity under Section 230).

Because Plaintiff has not alleged—and cannot allege—facts supporting a finding that Adknowledge created the third-party offers she contends were false and misleading, Plaintiff's claims must be dismissed with prejudice under Section 230 of the CDA.

**B.      Plaintiff's Non-Specific Allegations Do Not Satisfy Rule 9(b)**

Even if Plaintiff could somehow overcome the broad immunity provided to interactive computer services like Adknowledge (and she cannot), her claims still fail because they do not come close to satisfying the stringent requirements for pleading fraud under Federal Rule of Civil Procedure 9(b).

The Ninth Circuit repeatedly has held that the heightened pleading requirements of Rule 9(b) are applicable "to *all* averments of fraud, regardless of whether fraud is an essential element of the underlying cause of action."  *In re Calpine Corp. ERISA Litig.*, 2005 WL 3288469, *6 (N.D. Cal. Dec. 5, 2008) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-1105, 1108 (9th Cir. 2003)) (emphasis in original).  The Ninth Circuit has "specifically ruled that Rule 9(b)'s pleading standards apply to claims for violations of the CLRA and UCL."  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Indeed, Plaintiff's UCL claim is premised on allegations that the Adknowledge Defendants and Zynga engaged in "fraudulent business practices" (Compl. ¶ 52), while her CLRA claim is based on vague allegations that the Adknowledge Defendants and Zynga engaged in "deceptive acts or practices."  (Compl. ¶ 63.)

Under Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (internal citation omitted).  At a minimum, "[t]he pleader must state the time, place, and specific content of the false misrepresentations as well as the identities of the parties

to the misrepresentation." *Shreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged.") (quoting *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985)). Plaintiff also must allege specifically "what is false or misleading about the statement, and why it is false." *Vess,* 317 F.3d at 1106 (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Plaintiff's Complaint falls well short of the pleading requirements under Rule 9(b), and consists entirely of vague and unsupported allegations directed to the alleged conduct of unidentified third parties. For this independent reason, Plaintiff's claims against Adknowledge must be dismissed.

### 1. The Complaint Is Utterly Devoid Of "Who, What, Where, When, and How" Allegations.

As a threshold matter, Plaintiff utterly "fails to identify the time and place of the [alleged] misrepresentations, and, most importantly, the identity of the individual[s] who made the misrepresentation[s]." *Tayag v. Nat'l City Bank*, 2009 WL 943897, *2 (N.D. Cal. April 7, 2009). Although Plaintiff contends that she participated in two third-party offers that purportedly were false and misleading, she fails to identify (or attach) the content of those offers, much less point to specific representations that she contends were deceptive.

Instead, Plaintiff vaguely alleges that she responded to an unspecified offer displayed "in or around April 2009" on an unidentified website. (Compl. ¶ 37.) Plaintiff does not identify the product or service that was advertised in the offer, or allege a single fact establishing how (or whether) the contents of the offer are alleged to be false or misleading, as required. *See*, *e.g.*, *Vess*, 317 F.3d at 1106 (plaintiff must allege "what is false or misleading about the statement, and why it is false.").

Plaintiff is similarly vague in her descriptions of the June 2009 "green tea" offer. (*See* Compl. ¶ 38.) Plaintiff fails to identify the particular website on which she allegedly viewed the offer or to specify or furnish the contents or terms of the advertisement, instead asserting vaguely that the offer "indicated" that Plaintiff could cancel the trial within fifteen days of her order. (*Id.* ¶ 38.) These vague allegations fall well short of the requirements of Rule 9(b), which at a minimum, require Plaintiff to provide a specific "account of the 'time, place, and ***specific content*** of the false

1    representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*

2    *LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park*, *Inc.*, 356 F.3d 1058, 1066

3    (9th Cir. 2004)) (emphasis added).

4            In addition, Plaintiff fails to identify the third parties that allegedly made the

5    misrepresentations that give rise to her claims, and who failed to respond to her alleged cancellation

6    requests.  The Ninth Circuit has held that "where a complaint includes allegations of fraud," Federal

7    Rule of Civil Procedure 9(b) requires that plaintiff allege "'the identities of the parties to the

8    misrepresentations.'" *Swartz*, 476 F.3d at 764 (citation omitted).  Here, Plaintiff does not identify

9    *any* of the parties that created the allegedly misleading offers, charged her credit card, or failed to

10   respond to her cancellation requests, or provide a copy of the advertisements or communications from

11   which this information could be determined.  (*See*, *e.g.*, Compl. ¶ 37 (alleging that Plaintiff "provided

12   her cell phone number to a business partner of Defendants" and that "[n]either Zynga, nor Super

13   Rewards, nor Defendants' business partner informed [Plaintiff] that providing her cell phone number

14   would result in charges to her phone bill"), ¶¶ 38-39 (summarizing offer for a trial offer of a "green

15   tea herbal supplement" by "Defendants' business partner, the apparent manufacturer of the

16   supplements").)

17           Instead, Plaintiff improperly seeks to hold Adknowledge liable for purported "fraud"

18   committed by unspecified third parties, which Plaintiff refers to in the most general terms (alleging

19   only that the parties creating the offers are an "unknown entity," and/or a "manufacturer of the

20   supplements," and/or "Defendants' business partner").  (Compl. ¶ 30 ("Defendants and other

21   unnamed third parties conspired and combined among themselves to commit the acts complained

22   of"), ¶ 37 (Plaintiff "provided her cell phone number to a business partner of Defendants"), ¶ 39

23   (Plaintiff "sent an email to Defendants' business partner . . . asking to cancel her [green tea

24   subscription]"), ¶ 40 (alleging that Plaintiff received an email from an "unknown entity").)  This also

25   requires dismissal of her claims.

26           **2.      Plaintiff Does Not Specifically Allege Any Wrongful or Fraudulent Conduct
                        Attributable To Adknowledge And Fails To Differentiate Among Defendants.**

27

28           In addition, Plaintiff's claims must be dismissed because she fails to allege specific facts

Gibson, Dunn &
Crutcher LLP

16

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                          CASE NO. CV 09-05443 SBA

connecting Adknowledge to the alleged fraud and, instead, makes generic allegations directed to all "Defendants."  Plaintiff readily admits that Adknowledge is but one of many "offer aggregators" that has displayed online advertisements and offers to end users of Zynga's online games.  (Compl. ¶ 7 ("Zynga has partnered with other companies, including ***and without limitation*** Offerpal, Super Rewards, DoubleDing, and Gambit") (emphasis added), ¶ 8 ("Zynga partners with an offer aggregator like, for example, the Super Rewards Defendants"), ¶ 25 (alleging that Plaintiff accepted offers with "Zynga and its business partners, including Super Rewards Defendants").)  Yet Plaintiff alleges no facts whatsoever that establish that Adknowledge—as opposed to numerous other online advertising platforms—hosted the two specific advertisements that Plaintiff allegedly participated in and contends are false and misleading.

Instead, Plaintiff relies entirely on conclusory allegations that the two offers at issue were "created and developed by Zynga and Super Rewards" (*see*, *e.g.*, Compl. ¶¶ 37, 38, 41) and that Defendants "misleading[ly] implement[ed]" the offers.  (Compl. ¶ 38.)  Yet, Plaintiff provides no allegations detailing how (or whether) Adknowledge was supposedly involved in the "creation" and "development" of such advertisements, or how Adknowledge is alleged to have "misleadingly implemented" these offers.  Plaintiff's generic and unsupported allegations are wholly insufficient. *See*, *e.g.*, *In re GlenFed Sec. Litig.*, 42 F.3d at 1547-8 (requiring allegations of the "time, place, and nature of the alleged fraudulent activities, and that 'mere conclusory allegations of fraud are insufficient'") (citation omitted).[4]

To the contrary, Plaintiff's allegations establish that when she responded to offers by unspecified third parties (not Adknowledge), she attempted to cancel her participation in these offers with such unidentified third parties (including "the apparent manufacturer" of the advertised

---

[4] Likewise, Plaintiff provides *no allegations whatsoever* establishing Adknowledge's knowledge of the falsity of any alleged misrepresentation, or that could support an inference that Adknowledge had any intent that Plaintiff rely on misleading offers.  As such, Plaintiff has not alleged the basic elements of her claim.  *See Kearns*, 567 F.3d at 1126-7 (dismissing CLRA and UCL claims for failing to plead multiple elements of fraud with specificity, including which advertisements were at issue, the time at which plaintiff was exposed to the advertisements, which specific material in the advertisement plaintiff relied on in making her decisions to purchase, and who made the statements upon which plaintiff relied).

Gibson, Dunn & Crutcher LLP

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                                    CASE NO. CV 09-05443 SBA

1    supplements), and her credit card was charged by "an unknown entity named 'Support Green Tea'"—

2    not by Adknowledge or any other defendant.  (*See* Compl. ¶ 37 ("[n]either Zynga nor Super Rewards,

3    ***nor Defendants' business partner*** informed Mrs. Swift that providing her cell phone would result in

4    charges to her phone bill") (emphasis added), ¶ 39 ("[Plaintiff] sent an email to ***Defendants' business***

5    ***partner***" asking to cancel her subscription) (emphasis added), ¶ 40 ("an unknown entity named

6    'Support Green Tea' emailed [Plaintiff], informing her that she would be charged **$79.95,** despite

7    [Plaintiff's] specific prior request to [Defendants' business partner to] cancel her trial offer")

8    (emphasis added).)  In an industry in which thousands of online advertisements and offers are

9    displayed each hour (let alone each day) by numerous different "offer aggregators", these vague

10   allegations are simply insufficient to "give [the Adknowledge Defendants] notice of the particular

11   misconduct . . . so that they can defend against the charge and not just deny that they have done

12   anything wrong."  *Kearns*, 567 F.3d at 1124 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019

13   (9th Cir. 2001)).

14           In short, Plaintiff makes no specific allegations—as she must—detailing how ***Adknowledge***

15   allegedly participated in the alleged fraud and deception that forms the basis of her claims.  This

16   alone requires dismissal of her claims.  *See Swartz*, 476 F.3d at 765 (affirming dismissal of fraud

17   claims because plaintiff's "conclusory allegations that [some defendants] 'knew that [other

18   defendants] were making . . . false statements . . .' and 'were acting as agents [of the other

19   defendants]' and were 'active participants in the conspiracy' without any stated factual basis are

20   insufficient as a matter of law.").  "A claim for fraud requires that plaintiff plead that the defendant

21   made a misrepresentation.  As such, here, where [P]laintiff alleges no statements by [Defendant],

22   [P]laintiff has not pled a claim against them, and thus, the fraud claims against them [should be]

23   dismissed."  *Ohlendorf v. Am. Home Mortg. Servicing*, 2010 U.S. Dist. LEXIS 31098, *14 (E.D. Cal.

24   March 31, 2010) (dismissing fraud claims where plaintiff failed to allege "any misrepresentation

25   made by [some] defendants, but rather relie[d] on alleged misrepresentations made by another

26   defendant concerning them.").

27           In addition, Plaintiff impermissibly lumps her claims against the Adknowledge Defendants

28   together with Zynga (an unrelated company), and fails to offer specific allegations detailing the

Gibson, Dunn &
Crutcher LLP

18

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                         CASE NO. CV 09-05443 SBA

1    conduct attributable to each defendant, as required.  (*See, e.g.*, Compl. ¶ 6 (alleging "'special offer'

2    transactions that Defendants have created and developed to be integrated within each of Zynga's

3    game applications"), ¶ 8 ("Zynga and Super Rewards create and develop the interfaces" and

4    "Defendants have created and developed the [offers]"), ¶ 25 (alleging that Plaintiff accepted offers

5    with "Zynga and its business partners, including Super Rewards Defendants" and was misled "by the

6    [offers] created, developed, and promulgated by the Defendants"), ¶ 41 ("Zynga and the Super

7    Rewards Defendants were aware, or should have been aware, of the false and misleading nature of

8    the [offer]"), ¶¶ 9, 12, 13, 14, 34, 37, 38, 41 (all describing offers "developed and created by

9    Defendants").)

10          The Ninth Circuit has held that "[i]n the context of a fraud suit involving multiple defendants,

11   a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent

12   scheme.'"  *Swartz*, 476 F.3d at 765 (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531,

13   541 (9th Cir. 1989)) (dismissing fraud claims against two of four defendants because plaintiffs failed

14   to attribute any specific conduct to them).  *See also Madrid v. J.P. Morgan Chase Bank, N.A.*, 2010

15   U.S. Dist. LEXIS 28919, *9-10 (E.D. Cal. March 25, 2010) (dismissing fraud claim in part because

16   "[w]hen pleading fraud against multiple defendants, Plaintiff must differentiate between multiple

17   defendants.  'Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

18   requires plaintiffs to differentiate their allegations when suing more than one defendant.'") (citing

19   *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

20          Accordingly, this Court repeatedly has dismissed claims—including claims under California's

21   Unfair Competition Law—where, as here, the plaintiff failed to differentiate between different

22   defendants alleged to have participated in the purported fraud.  *See, e.g., Qureshi v. Countrywide*

23   *Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 21843, *19-21 (N.D. Cal. March 10, 2010) (dismissing

24   UCL claim based on mortgage refinance because "'[there is no] effort by Plaintiff to differentiate

25   between the conduct of the various defendants or how Plaintiff was harmed by such actions.' These

26   vague and conclusory allegations are precisely the type of 'unadorned, the-defendant-unlawfully-

27   harmed-me accusation' that the Supreme Court has held is impermissible') (citing *Iqbal*, 129 S. Ct. at

28   1949); *Periguerra v. Meridas Capital, Inc.*, 2010 U.S. Dist. LEXIS 8082, *24-25 (N.D. Cal. Feb. 1,

Gibson, Dunn &
Crutcher LLP

19

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                    CASE NO. CV 09-05443 SBA

2010) (dismissing UCL claim because "[p]laintiffs also fail to differentiate between the conduct of the various [d]efendants, and impermissibly attribute the underlying violations to all '[d]efendants.' Such failure to allege the conduct underlying a UCL claim with reasonable particularity violates [d]efendants' right to fair notice of the claims alleged against them.") (citation omitted).

Because Plaintiff does not, and cannot, allege *any facts* establishing whether and how Adknowledge engaged in the fraud and deception alleged in the Complaint—much less with the specificity required by Rule 9(b)—her claims against Adknowledge must be dismissed for this independent reason.

## C.   California Does Not Recognize A Claim For Unjust Enrichment

In addition, Plaintiff's purported "claim" for unjust enrichment should be dismissed with prejudice because California does not recognize a cause of action for unjust enrichment.  *See*, *e.g.*, *In re NVIDIA GPU Litig.*, 2009 WL 4020104, *12 (N.D. Cal. Nov. 19, 2009) (dismissing claim for unjust enrichment with prejudice because "[u]nder California law, '[u]njust enrichment' is not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies."); *Wolph v. Acer Am. Corp.*, 2009 WL 2969467, *5 (N.D. Cal. Sept. 14, 2009) ("[A]lthough Plaintiffs may be entitled to recovery for unjust enrichment under other theories of liability, their claim for unjust enrichment does not constitute a stand-alone cause of action. Accordingly, the Court dismisses Plaintiffs' claim for unjust enrichment, although it makes no finding as to whether Plaintiffs may be entitled to such damages as a matter of law."); *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174  (E.D. Cal. 2007) (dismissing unjust enrichment claim with prejudice, finding that "[b]ecause California law does not recognize Plaintiff's claim for unjust enrichment, there are no facts Plaintiff could prove to support this claim.").  Rather, "[u]njust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." *In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 966-967 (N.D. Cal. 2007) (dismissing unjust enrichment claim with prejudice) (citing *Melchior v. New Line Prods.*, *Inc.*, 106 Cal. App. 4th  779, 793 (2003)).

Because unjust enrichment is not a stand-alone claim under California law, Plaintiff's third cause of action for "Unjust Enrichment" should be dismissed with prejudice.

20

**D.      Plaintiff Has Not Pleaded Legally Sufficient Class Allegations**

Finally, this Court should strike Plaintiff's purported class action allegations under Rule 12(f), which allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from the Complaint.  Fed. Rule Civ. Proc. 12(f).  Where, as here, Plaintiff has failed to allege an ascertainable class (as required by Federal Rule of Civil Procedure Rule 23), the Court should strike class action allegations at the pleading stage.  *See, e.g.*, *Kay v. Wells Fargo & Co.*, *N.A.*, 2007 WL 2141292, *2 (N.D. Cal. July 24, 2007) (granting motion to strike class action allegations at pleading stage related to class members whose claims arose outside the applicable statute of limitations); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1166-1167 (N.D. Cal. 2008) (striking class allegations because "the proposed class cannot, as alleged, be presently ascertained" because "[t]o determine who should be a member of these classes, it would be necessary for the court to reach a legal determination that [defendant] had falsely advertised").

Plaintiff's class action allegations are deficient for two separate reasons.  First, Plaintiff purports to represent a class that would include *every* person who acquired or accumulated virtual currency within a Zynga game application, irrespective of whether such persons were deceived or in any way injured.  (Compl. ¶ 42.)  Accordingly, "the class is not ascertainable because it includes members who have not experienced any problems" as a result of the "offers" at issue.  *Hovsepian v. Apple*, *Inc.*, 2009 WL 5069144, *6 (N.D. Cal. Dec. 17, 2009) (striking class action allegations with prejudice because proposed class included individuals with no claims against defendants).

Second, Plaintiff's allegations are not limited to third-party offers that were hosted by Adknowledge through its interface, and instead would encompass offers displayed by any of the numerous other "offer aggregators" that Plaintiff concedes have displayed advertising in Zynga's online games.  Indeed, Plaintiff's proposed class definition does not even mention Adknowledge and instead purports to encompass anyone who "acquired or accumulated virtual currency or other virtual goods and services within a Zynga game application as part of an integrated special offer transaction presented through that application."  (Compl. ¶ 42.)  For this independent reason, "the class is not maintainable under Rule 23(b)(3) because it includes members who can have no claim against [Adknowledge]."  *Hovsepian*, 2009 WL 5069144 at *6.

Gibson, Dunn &
Crutcher LLP

1    Because Plaintiff's allegations fail to plead a legally cognizable basis for certifying a class

2    action as against Adknowledge, this Court should strike these allegations from the Complaint.

3                                    **V.       CONCLUSION**

4          For each of the reasons described above, Plaintiff's claims should be dismissed with

5    prejudice.

6

7    DATED:  April 9, 2010

8                                                GIBSON, DUNN & CRUTCHER LLP

9

10                                               By: _____/s/ Ashlie Beringer_____
                                                                    Ashlie Beringer
11
                                                 Attorneys for Defendants ADKNOWLEDGE, INC. and
12                                               KITN MEDIA USA, INC.

13

14   100844023_6.DOC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
MOTION TO STRIKE CLASS ACTION ALLEGATIONS                                    CASE NO. CV 09-05443 SBA