GIBSON, DUNN & CRUTCHER LLP
GAIL LEES, SBN 90363
glees@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

S. ASHLIE BERINGER, SBN 263977
aberinger@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Attorneys for Defendants
ADKNOWLEDGE, INC. and
KITN MEDIA USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SWIFT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA GAME NETWORK, INC., ADKNOWLEDGE, INC.; D/B/A SUPER REWARDS; KITN MEDIA USA, INC. D/B/A SUPER REWARDS;<br><br>Defendants. | CASE NO. CV 09-5443 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS ADKNOWLEDGE, INC. AND KITN MEDIA USA, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS**<br><br>Date:   June 28, 2010<br>Time:   1:00 p.m.<br>Judge:  The Honorable Saundra B. Armstrong<br>Place:  1301 Clay Street<br>        Oakland, California<br>        Courtroom 1<br><br>Complaint Filed: February 10, 2010 |

Defendants Adknowledge, Inc. And KITN Media USA, Inc.'s (collectively, "Adknowlege" or "Adknowledge Defendants") Motion to Dismiss First Amended Complaint and Motion to Strike Class Action Allegations came on regularly for hearing before this Court on June 28, 2010. Having read and considered all papers, oral arguments of counsel, and good cause appearing therefore, the Court orders that:

---

[PROPOSED] ORDER GRANTING DEFENDANTS ADKNOWLEDGE, INC. AND KITN MEDIA USA, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS
CASE NO. CV 09-5443

Adknowledge Defendants' Motion to Dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's claims are barred by Section 230 of the Communications Decency Act of 1996 (the "CDA"). 47 U.S.C. § 230(c)(1). The CDA provides "robust" immunity to an interactive computer service, like Adknowledge, that merely displays content created by a third party. *Carafano v. Metrosplash*, 339 F.3d 1119, 1123 (9th Cir. 2003). Therefore, online advertising platforms like Adknowledge, which merely aggregate and display third-party advertisements, are immunized under Section 230. *See Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193 (N.D. Cal. 2009).

Plaintiff's allegations plainly establish that Adknowledge is immune from liability under Section 230 because (1) Adknowledge is a provider of an interactive computer service; and (2) Plaintiff's claims seek to hold Adknowledge liable for "presenting" (*i.e.*, publishing or distributing) third-party advertisements that were created by "another information content provider." *Carafano*, 339 F.3d at 1123; Compl. ¶ 9 (alleging offer "presented by" Adknowledge Defendants). Accordingly, Plaintiff's claims against Adknowledge are dismissed with prejudice.

In addition, Plaintiff's claims under California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA") are dismissed pursuant to Federal Rules of Civil Procedure 12(b) and 9(b) as the allegations supporting these claims lack the specificity required by Federal Rule of Civil Procedure 9(b). "Rule 9(b)'s pleading standards apply to claims for violations of the CLRA and UCL." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Under Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

Plaintiff fails to "identify the time and place of the [alleged] misrepresentations, and, most importantly, the identity of the individual[s] who made the misrepresentation[s]." *Tayag v. Nat'l City Bank*, 2009 WL 943897, *2 (N.D. Cal. April 7, 2009. *See also Shreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (requiring allegations of "time, place, and

2

[PROPOSED] ORDER GRANTING DEFENDANTS ADKNOWLEDGE, INC. AND KITN MEDIA USA, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS
CASE NO. CV 09-5443

Gibson, Dunn & Crutcher LLP

specific content of the false misrepresentations as well as the identities of the parties to the misrepresentation").

Plaintiff does not specify the content of the two advertisements she contends were "deceptive," and fails to identify the parties that made the alleged misrepresentations giving rise to her claims.  Moreover, Plaintiff alleges no specific facts detailing the role Adknowledge played with respect to these two advertisements, and instead, lumps Adknowledge together with Zynga.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'"); *Ohlendorf v. Am. Home Mortg. Servicing*, 2010 U.S. Dist. LEXIS 31098, *14 (E.D. Cal. March 31, 2010) ("A claim for fraud requires that plaintiff plead that the defendant made a misrepresentation. As such, here, where [P]laintiff alleges no statements by [Defendant], [P]laintiff has not pled a claim against them, and thus, the fraud claims against them [should be] dismissed.").  Because Plaintiff's allegations sounding in fraud lack the requisite level of specificity required by Federal Rule of Civil Procedure 9(b), her claims under the UCL and CLRA are dismissed.

Plaintiff's purported claim for Unjust Enrichment is dismissed with prejudice because California does not recognize a cause of action for unjust enrichment.  *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007) (dismissing unjust enrichment claim with prejudice, finding that "[b]ecause California law does not recognize Plaintiff's claim for unjust enrichment, there are no facts Plaintiff could prove to support this claim.").  "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." *In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 966-967 (N.D. Cal. 2007).

Adknowledge Defendants' Motion to Strike Class Action Allegations pursuant to Federal Rule of Civil Procedure 12(f) is granted.  Plaintiff fails to allege an ascertainable class (as required by Federal Rule of Civil Procedure Rule 23).  Therefore, a motion to strike at the pleading stage is appropriate.  *See, e.g., Kay v. Wells Fargo & Co., N.A.*, 2007 WL 2141292, *2 (N.D. Cal. July 24, 2007) (granting motion to strike class action allegations at pleading stage related to class members

3

[PROPOSED] ORDER GRANTING DEFENDANTS ADKNOWLEDGE, INC. AND KITN MEDIA USA, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS
CASE NO. CV 09-5443

Gibson, Dunn & Crutcher LLP

whose claims arose outside the applicable statute of limitations); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1166-1167 (N.D. Cal. 2008) (striking class allegations because "the proposed class cannot, as alleged, be presently ascertained" because "[t]o determine who should be a member of these classes, it would be necessary for the court to reach a legal determination that [defendant] had falsely advertised").

Plaintiff's class action allegations purport to include *every* person who acquired or accumulated virtual currency within a Zynga game application, irrespective of whether such persons were deceived or in any way injured.  (Compl. ¶ 42.)  Accordingly, "the class is not ascertainable because it includes members who have not experienced any problems" as a result of the online "offers" at issue.  *Hovsepian v. Apple*, *Inc.*, 2009 U.S. Dist. LEXIS 117562, *18-19 (N.D. Cal. Dec. 17, 2009) (striking class action allegations with prejudice because proposed class included individuals with no claims against defendants).  Furthermore, Plaintiff's allegations are not limited to third-party offers hosted by Adknowledge through its interface, and instead would encompass offers displayed by any of the numerous other "offer aggregators" that Plaintiff concedes have displayed advertising in Zynga's online games.  (Compl. ¶ 7.)  Plaintiff's proposed class definition, which does not identify Adknowledge, purports to encompass anyone who "acquired or accumulated virtual currency or other virtual goods and services within a Zynga game application as part of an integrated special offer transaction presented through that application."  (Compl. ¶ 42.)  "[T]he class is not maintainable under Rule 23(b)(3) because it includes members who can have no claim against [Adknowledge]."  *Hovsepian*, 2009 U.S. Dist. LEXIS 117562 at 19.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Adknowledge Defendants' motion to dismiss is granted with prejudice and motion to strike class action allegations is granted.

DATED: _____, 2010         By: _____
                                           The Honorable Saundra Brown Armstrong
                                                United States District Court

100846733_1.DOC

4

[PROPOSED] ORDER GRANTING DEFENDANTS ADKNOWLEDGE, INC. AND KITN MEDIA USA, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS
CASE NO. CV 09-5443

Gibson, Dunn & Crutcher LLP