GIBSON, DUNN & CRUTCHER LLP
GAIL LEES, SBN 90363
glees@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

S. ASHLIE BERINGER, SBN 263977
aberinger@gibsondunn.com
SARAH A. BROWN, SBN 222206
sbrown@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Attorneys for Defendants
ADKNOWLEDGE, INC. and
KITN MEDIA USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SWIFT, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>ZYNGA GAME NETWORK, INC.; ADKNOWLEDGE, INC., D/B/A SUPER REWARDS; KITN MEDIA USA, INC. D/B/A SUPER REWARDS,<br><br>            Defendants. | CASE NO. CV 09-05443 SBA<br><br>**DEFENDANTS ADKNOWLEDGE, INC. AND KITN MEDIA USA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

      Defendants Adknowledge, Inc. ("Adknowledge") and KITN Media USA, Inc. ("KITN") (collectively, "Defendants"), by their undersigned attorneys, answer Plaintiff Rebecca Swift's First Amended Complaint ("Amended Complaint") and state additional defenses as follows:

## PREAMBLE

Except as expressly admitted herein, Defendants deny each and every allegation contained in the Amended Complaint, including, without limitation, any allegations contained in the headings, subheadings, the prayer for relief, and all subparagraphs therein, and specifically deny any liability to Plaintiff or any members of the putative class that Plaintiff seeks to represent. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied. Defendants reserve the right to seek to amend and/or supplement their Answer as may be necessary.

The Amended Complaint contains numerous allegations concerning one or more than one, but less than all, of the defendants in the action. Unless otherwise specifically indicated, Defendants each lack knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the knowledge of the other defendants.

## RESPONSE TO SPECIFIC ALLEGATIONS

Incorporating the foregoing Preamble, Defendants state as follows in response to the specific allegations in the Amended Complaint:

## NATURE OF THE ACTION

1. Defendants deny that they "perpetrated" a "fraudulent scheme . . . to lure unsuspecting consumers into signing up for services and goods that they do not want or need." The remaining allegations in paragraph 1 pertain only to Defendant Zynga Game Network, Inc. ("Zynga"), and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 of the Amended Complaint and on that basis deny those allegations.

2. The allegations in paragraph 2 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint and on that basis deny those allegations.

3. The allegations in paragraph 3 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and on that basis deny those allegations.

4. The allegations in paragraph 4 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint and on that basis deny those allegations.

5. The allegations in paragraph 5 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint and on that basis deny those allegations.

6. Defendants admit that they have conducted business under the name "Super Rewards." Defendants further admit that they have facilitated publication of third-party advertisements and offers from their computer servers to users of Zynga's online games. Defendants deny that they "created and developed" the purported "'special offer' transactions," and lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 of the Amended Complaint and on that basis deny those allegations.

7. The allegations in paragraph 7 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint and on that basis deny those allegations.

8. Defendants admit that they developed and maintained websites containing numerous different third-party offers, which were displayed in certain Zynga games, and which permitted Zynga game users to select and complete third-party promotional offers contained on Defendants' website in exchange for virtual currency. Defendants deny that they "created and developed" the purported "'special offer' transactions." Defendants also deny that they were aware that any offers published on Defendants' website to users of Zynga's games were "false and misleading." Defendants admit that they are one of many offer aggregators that have assisted in publishing third-party advertisements and offers in cooperation with Zynga, and further admit that they operated and

1  maintained the website on which these third-party offers were displayed.  Defendants lack sufficient
2  knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8
3  of the Amended Complaint and on that basis deny those allegations.

4        9.      Defendants deny that they created and/or developed the third-party offers at issue in
5  the Amended Complaint.  Defendants also deny that they intentionally created a "somewhat
6  complicated structure" to shield themselves from liability.  The remaining allegations in paragraph 9
7  contain factual allegations pertaining only to defendant Zynga, and thus no response is required.  To
8  the extent any response is required, Defendants lack sufficient knowledge or information to form a
9  belief as to the truth of the remaining allegations in paragraph 9 of the Amended Complaint and on
10 that basis deny those allegations.

11       10.     Defendants deny that they created and/or developed the third-party offers at issue in
12 the Amended Complaint.  The remaining allegations in paragraph 10 contain factual allegations
13 pertaining only to defendant Zynga, and thus no response is required.  To the extent any response is
14 required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the
15 remaining allegations in paragraph 10 of the Amended Complaint and on that basis deny those
16 allegations.

17       11.     The allegations in paragraph 11 contain factual allegations pertaining only to
18 defendant Zynga and a third party, and thus no response is required.  To the extent any response is
19 required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the
20 allegations in paragraph 11 of the Amended Complaint and on that basis deny those allegations.

21       12.     Defendants deny that they created and/or developed the third-party offers at issue in
22 the Amended Complaint.  The remaining allegations in paragraph 12 contain factual allegations
23 pertaining only to defendant Zynga, and thus no response is required.  To the extent any response is
24 required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the
25 remaining allegations in paragraph 12 of the Amended Complaint and on that basis deny those
26 allegations.

27       13.     Defendants deny that they created and/or developed the third-party offers at issue in
28 the Amended Complaint, including the purported offer referenced in paragraph 13 of the Amended

1 Complaint.  The remaining allegations in paragraph 13 contain factual allegations pertaining only to
2 defendant Zynga, and thus no response is required.  To the extent any response is required,
3 Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining
4 allegations in paragraph 13 of the Amended Complaint and on that basis deny those allegations.

5       14.     Defendants deny that they created and/or developed the third-party offers at issue in
6 the Amended Complaint.  Defendants further deny that they have "acted in concert to create and
7 develop [special offers] reasonably calculated to deceive persons of ordinary prudence and
8 comprehension . . . ."  The remaining allegations in paragraph 14 contain factual allegations
9 pertaining only to defendant Zynga, and thus no response is required.  To the extent any response is
10 required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the
11 remaining allegations in paragraph 14 of the Amended Complaint and on that basis deny those
12 allegations.

13       15.     The allegations in paragraph 15 contain factual allegations pertaining only to
14 defendant Zynga, and thus no response is required.  To the extent any response is required,
15 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations
16 in paragraph 15 of the Amended Complaint and on that basis deny those allegations.

17       16.     The allegations in paragraph 16 contain factual allegations pertaining only to
18 defendant Zynga, and thus no response is required.  To the extent any response is required,
19 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations
20 in paragraph 16 of the Amended Complaint and on that basis deny those allegations.

21       17.     The allegations in paragraph 17 contain factual allegations pertaining only to
22 defendant Zynga, and thus no response is required.  To the extent any response is required,
23 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations
24 in paragraph 17 of the Amended Complaint and on that basis deny those allegations.

25       18.     The allegations in paragraph 18 contain factual allegations pertaining only to
26 defendant Zynga, and thus no response is required.  To the extent any response is required,
27 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations
28 in paragraph 18 of the Amended Complaint and on that basis deny those allegations.

19. The allegations in paragraph 19 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint and on that basis deny those allegations.

20. The allegations in paragraph 20 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and on that basis deny those allegations.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint and on that basis deny those allegations.

**JURISDICTION AND VENUE**

22. Defendants admit that this is a purported class action and further admit that they are Delaware corporations and that Defendant Adknowledge's principal place of business is Kansas City, Missouri, while Defendant KITN's principal place of business is Burlingame, California. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint regarding Plaintiff's residence. Plaintiff's assertion regarding the applicability of diversity jurisdiction under 28 U.S.C. § 1332(d) is a legal conclusion requiring no response. Defendants deny the remaining allegations in paragraph 22.

23. Plaintiff's assertion that venue is proper is a legal conclusion requiring no response. Defendants admit that they conduct business in the District. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23 of the Amended Complaint and on that basis deny those allegations.

**INTRADISTRICT ASSIGNMENT**

24. Plaintiff's assertion that intradistrict assignment is proper is a legal conclusion requiring no response. Paragraph 24 does not state any factual allegations regarding Defendants, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 of the Amended Complaint and on that basis deny those allegations.

# THE PARTIES

25. Defendants deny that they created and/or developed the third-party offers at issue in the Amended Complaint. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 25 of the Amended Complaint and on that basis deny those allegations.

26. The allegations in paragraph 26 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint and on that basis deny those allegations.

27. Defendant Adknowledge admits that it is a Delaware corporation with its principal place of business at 4600 Madison Avenue, Suite 1000, Kansas City, Missouri 64112.

28. Defendant KITN admits that it is a Delaware corporation, but it denies the remaining allegations in paragraph 28 of the Amended Complaint.

29. Defendants admit that they have conducted business under the name "Super Rewards."

30. Defendants deny the allegations in paragraph 30 of the Amended Complaint.

# FACTS

**A.   General Allegations**

31. The allegations in paragraph 31 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and on that basis deny those allegations.

32. Defendants deny that they created and/or developed the third-party offers at issue in the Amended Complaint. The remaining allegations in paragraph 32 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 of the Amended Complaint and on that basis deny those allegations.

33. The allegations in paragraph 33 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint and on that basis deny those allegations.

34. Defendants deny that they created and/or developed the third-party offers at issue in the Amended Complaint. The remaining allegations in paragraph 34 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 34 of the Amended Complaint and on that basis deny those allegations.

35. The allegations in paragraph 35 contain factual allegations pertaining only to defendant Zynga, and thus no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and on that basis deny those allegations.

**B.    Facts Specific to Plaintiff**

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint and on that basis deny those allegations.

37. Defendants deny that they created and/or developed the third-party offers at issue in the Amended Complaint, including the unidentified offer referenced in paragraph 37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 37 of the Amended Complaint and on that basis deny those allegations.

38. Defendants deny that they created and/or developed the third-party offers at issue in the Amended Complaint, including the unidentified offer referenced in paragraph 38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 38 of the Amended Complaint and on that basis deny those allegations.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint and on that basis deny those allegations.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint and on that basis deny those allegations.

41. Defendants deny that they created and/or developed the third-party offers at issue in the Amended Complaint. Defendants deny the remaining allegations in paragraph 41 pertaining to Defendants, and Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 41 of the Amended Complaint and on that basis deny those allegations.

## CLASS ACTION ALLEGATIONS

42. Defendants admit that Plaintiff seeks to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the class proposed in paragraph 42.

43. Defendants admit that Plaintiff's proposed class definition purports to exclude the parties identified in paragraph 43. The remaining allegations in paragraph 43 state a legal conclusion to which no response is required.

44. Defendants deny that the putative class members are likely to be known by Defendants. The remaining allegations of paragraph 44 state a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 44.

45. Paragraph 45 asserts a legal conclusion requiring no response. To the extent a response is required, Defendants deny the allegations in paragraph 45.

46. Paragraph 46 is a legal conclusion requiring no response. To the extent a response is required, Defendants deny the allegations in paragraph 46.

47. Paragraph 47 asserts a legal conclusion requiring no response. To the extent a response is required, Defendants deny the allegations in paragraph 47.

48. Paragraph 48 asserts a legal conclusion requiring no response. To the extent a response is required, Defendants deny the allegations in paragraph 48.

49. Paragraph 49 asserts a legal conclusion requiring no response. Defendants deny that a class may be certified under Rule 23(b)(1) or (b)(2) in this action.

50. Plaintiff's assertion that the Court may establish an alternative class action under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2) is a legal conclusion requiring no response. Defendants deny that a class may be certified under Rule 23(b)(1) or (b)(2) in this action.

## FIRST CLAIM FOR RELIEF

### [Violation of the Unfair Competition Law]

51. Defendants reaffirm their responses as set forth in paragraphs 1-50.

52. Defendants deny the allegations set forth in paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Amended Complaint.

57. Defendants admit that Plaintiff purports to seek the relief requested in paragraph 57 of the Amended Complaint and deny the remaining allegations set forth in paragraph 57 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

### [Violation of the Consumers Legal Remedies Act]

58. Defendants reaffirm their responses to paragraphs 1-57.

59. Defendants deny the allegations set forth in paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations set forth in paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations set forth in paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Amended Complaint.

66. Defendants admit that Plaintiff sent a purported notice under the California Legal Remedies Act to Defendants dated February 8, 2010, and deny the remaining allegations in paragraph 66 of the Amended Complaint.

67. Defendants admit that Plaintiff purports to seek the relief requested in paragraph 67 of the Amended Complaint and deny the remaining allegations set forth in paragraph 67 of the Amended Complaint.

### THIRD CLAIM FOR RELIEF

### [Unjust Enrichment]

68. Defendants reaffirm their responses in paragraphs 1-67.

69. Defendants deny the allegations set forth in paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of the Amended Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of the Amended Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of the Amended Complaint.

74. Defendants admit that Plaintiff purports to seek the relief requested in paragraph 74 of the Amended Complaint and deny the remaining allegations set forth in paragraph 74 of the Amended Complaint.

### PRAYER

The remainder of the Amended Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and specifically deny that Plaintiff and/or any members of the class Plaintiff purports to represent are entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff and/or any members of the class the Plaintiff purports to represent. Defendants expressly reserve the right to amend and/or supplement the defenses identified below, as may be necessary. Defendants may have additional, as yet unidentified, defenses available. Defendants reserve the right to assert additional defenses that are revealed by further investigation or through discovery.

**FIRST DEFENSE**

**(Failure to State a Claim)**

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that Plaintiff's claims and those of the putative class fail to allege facts sufficient to state a claim for relief against Defendants.

**SECOND DEFENSE**

**(Failure to Plead Fraud with Particularity Under Federal Rule of Civil Procedure 9(b))**

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that claims asserted in the Amended Complaint are barred, in whole or in part, because Plaintiff failed to plead the claims contained therein with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

**(Standing)**

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that Plaintiff and/or any members of the class Plaintiff purports to represent lack standing to bring the claims asserted in the Amended Complaint under Article III of the United States Constitution and under California's Unfair Competition Law, because, among other reasons, Plaintiff and/or any members of the putative class suffered no injury-in-fact that is fairly traceable to any act or omission by Defendants.

**FOURTH DEFENSE**

**(Immunity under the Communications Decency Act § 230)**

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that they are immune from liability under the Communication Decency Act of 1996, 47 U.S.C. § 230.

**FIFTH DEFENSE**

**(No Causation or Reliance)**

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that Plaintiff and the putative class cannot establish that they relied on, or that any alleged injury was proximately caused by, any act of Defendants.

### SIXTH SEPARATE DEFENSE

### (No Injury)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that Plaintiff and the putative class have not suffered an injury as a result of Defendants' conduct.

### SEVENTH DEFENSE

### (No Restitutionary Damages)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that Plaintiff and the putative class have not suffered any restitutionary damages as a result of Defendants' conduct.

### EIGHTH DEFENSE

### (Commerce Clause)

The claims of Plaintiff and the putative class all arise under state law, and are therefore barred in whole or in part to the extent that plaintiffs seek to apply these claims to interstate or foreign commerce, in violation of the Commerce Clause of the United States Constitution.

### NINTH DEFENSE

### (Intervening or Superseding Acts of Third Parties)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that any injuries Plaintiff and the class she purports to represent claim to have suffered resulted from the acts or omissions of third parties, who were not agents of the Defendants. The acts of such third parties constitute intervening and/or superseding causes of the harm, if any, suffered by Plaintiff and the putative class.

### TENTH DEFENSE

### (Unclean Hands)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that by reason of their own conduct, acts, and omissions, Plaintiff and the class she purports to represent are barred from recovery.

### ELEVENTH DEFENSE
### (Assumption of Risk)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that Plaintiff and the putative class assumed the risk of the activities alleged in the Amended Complaint; any recovery must be denied or reduced accordingly.

### TWELFTH DEFENSE
### (Wrongful Acts of Plaintiffs)

Defendants are informed and believe and on that basis allege that Plaintiff and/or members of the putative class (a) failed to exercise ordinary and reasonable care on his, her, or its own behalf; (b) acted or failed to act in such a manner that it constituted intentional or reckless disregard for his, her or its own interests; and/or (c) otherwise committed wrongdoing. Such acts and/or omissions were the proximate cause of all or some of the alleged injuries, if any, to Plaintiff and/or members of the putative class. By reason of the foregoing, Plaintiff and/or members of the putative class are barred, in whole or in part, from recovering any amounts in this case from Defendants.

### THIRTEENTH DEFENSE
### (Failure to Mitigate Damages)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that Plaintiff and the class she purports to represent have failed to mitigate their damages, if any, and that any recovery should be denied or reduced accordingly.

### FOURTEENTH DEFENSE
### (Speculative Damages)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that any damages Plaintiff and the class she purports to represent claim to have suffered from the matters alleged in the Amended Complaint are too remote or speculative to allow recovery.

### FIFTEENTH DEFENSE
### (No Right to Disgorgement)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that any injuries Plaintiff and the class she purports to represent claim to have suffered are not susceptible to the remedy of disgorgement.

### SIXTEENTH DEFENSE
### (No Basis for Injunctive Relief)

As a complete and affirmative defense to Plaintiff's three causes of action, Defendants allege that any injuries Plaintiff and the class she purports to represent claim to have suffered are not susceptible to the remedy of injunctive relief.

### SEVENTEENTH DEFENSE
### (No Commonality or Predominance)

Plaintiff may not maintain this lawsuit as a class action because Plaintiff's claims are not common to those of the class she purports to represent or, to the extent that any claim may be common, such common claims do not predominate over individual issues.

### EIGHTEENTH DEFENSE
### (No Typicality)

Plaintiff may not maintain this lawsuit as a class action because the purported claims of the purported class representative are not sufficiently typical of those of the purported class.

### NINETEENTH DEFENSE
### (No Adequate Representation)

Plaintiff may not maintain this lawsuit as a class action because the purported class representative and/or her counsel will not fairly and adequately represent the purported class.

### TWENTIETH DEFENSE
### (Class Action Not Superior)

Plaintiff may not maintain this lawsuit as a class action because a class action is not a superior method for adjudicating the purported claims set forth in the Amended Complaint.

### TWENTY-FIRST DEFENSE
### (Conflicts Within Purported Class)

Plaintiff may not maintain this lawsuit as a class action because the interests of the purported class members are in conflict with each other.

### TWENTY-SECOND DEFENSE
### (Class Action Unmanageable)

Plaintiff may not maintain this lawsuit as a representative action because a representative action would be unmanageable.

### TWENTY-THIRD DEFENSE
### (Constitutional Defects With Multi-State Class Action)

To the extent Plaintiff purports to represent or seek relief on behalf of members of the putative class or the general public who are not located or resident in the State of California, the Complaint and each of its claims for relief therein violate Defendants' rights to due process under the California and United States Constitutions.  *See, e.g.*, *BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

### TWENTY-FOURTH DEFENSE
### (Additional Defenses)

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available.  Defendants' investigation into the Amended Complaint is ongoing, and Defendants therefore reserve the right to plead any other appropriate separate and additional defenses that discovery or further legal analysis may reveal during the course of this litigation.

### PRAYER

WHEREFORE, Adknowledge and KITN pray for judgment with respect to Plaintiff's First Amended Complaint as follows:

1. Judgment be entered in favor of Defendants Adknowledge and KITN on each and every cause of action;

2. Plaintiff and other members of the purported class take nothing by Plaintiff's complaint;

3. Defendants Adknowledge and KITN be awarded their reasonable costs and expenses incurred in the defense of this action; and

4. Defendants Adknowledge and KITN be awarded such other and further relief as the Court may deem just and proper.

DATED: November 17, 2010

GIBSON, DUNN & CRUTCHER LLP


By: _____/s/ Ashlie Beringer_____
              Ashlie Beringer

Attorneys for Defendants
ADKNOWLEDGE, INC. and
KITN MEDIA USA, INC.

100968190_3